IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Reginald Green, <br><br> Plaintiff, <br><br> v. <br><br> Theresa Ross and Linda Starr, <br><br> Defendants. | Case No.: 20-cv-50357 <br><br> Judge Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Reginald Green claims that medical practitioners at United States Penitentiary Thomson caused Green to develop AIDS by wrongfully withholding his HIV treatments. Because Green failed to exhaust Thomson's administrative remedies as required under the Prison Litigation Reform Act, the Defendants' Motion for Summary Judgment is granted.[1]

I.   **Background**

Plaintiff Reginald Green contracted AIDS while incarcerated at USP-Thomson, allegedly, because prison medical practitioners Defendants Theresa Ross and Linda Starr wrongfully withheld his HIV medication. Dkt. 34 ¶ 1. On these allegations, Green brought deliberate indifference claims against Ross and Starr under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S.

---

[1] Green was represented in this action by assigned counsel. The Court sincerely thanks them for their representation of Green in this case.

1

388 (1971). Though the Parties' joint statement of facts does not discuss the underlying allegations, the following facts are undisputed. *See* Dkt. 106.

After Ross and Starr allegedly withheld Green's prescription HIV medication, Green properly initiated a formal grievance with the Bureau of Prisons ("BOP"). *See id.* at ¶ 6. Importantly, this was not Green's first experience with BOP's formal grievance system. Dkt. 106-1, 96:1–18. As Green is well aware, Thomson fields all inmate grievances through a tiered appellate process. *See id.*; *see generally* Dkt. 106.

Before filing a formal grievance with BOP, inmates must report concerns to a prison counsellor. Dkt. 106 at ¶ 6. If the counsellor doesn't satisfactorily resolve the issue, the inmate may file a written grievance. *Id.* at ¶¶ 6–7. Inmates may only raise one issue per grievance, written legibly on the form provided with a maximum of one page of attachments.[2] *Id.* at ¶ 10. If BOP denies an initial grievance on the merits, the inmate may seek appellate review. *Id.* But if the initial grievance was procedurally defective, the inmate must cure the defect before trying to appeal. *Id.*

Green's initial grievance regarding his medication was procedurally defective. *Id.* Thomson informed Green in a written rejection notice that his submission was "very hard to read" and presented issues that were not previously discussed with a prison counsellor. *Id.* The rejection notice instructed Green to remedy these problems and refile within five days. *Id.* When he did, Thomson rejected Green's

---

[2] An inmate must initiate the grievance process within set time limits, too. That's not an issue in this case, because the Parties agree that Thomson caused Green's delay in filing his initial grievance and that it waived this requirement accordingly. Dkt. 106 at ¶ 6.

2

amended grievance because it raised multiple issues and contained four pages of attachments. *Id.* at ¶ 13.

Thomson notified Green at least five times that he was not entitled to further review until he cured his defective grievance. *See generally* Dkt. 106. But Green proceeded to appeal without further amendments. *Id.* at ¶¶ 15, 23, 25. Thomson rejected Green's three additional appeals—each time, reminding Green to cure his procedural defects. *Id.* But, because he never did, Ross and Starr argue that Green did not exhaust Thomson's administrative remedies. *See generally* Dkt. 111. They move for summary judgement only on that basis.

II.   **Legal Standard**

On summary judgment, the movant has the burden of showing that "no genuine dispute as to any material fact" exists and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that might affect the outcome of the suit. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). No "genuine" dispute exists if a court would be required to grant a Rule 50 motion at trial. *Id.* at 250–51. The Court must construe the "evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Rickher v. Home Depot, Inc.*, 535 F.3d 661, 664 (7th Cir. 2008). "Summary judgment is only warranted if, after doing so, [the Court] determine[s] that no jury could reasonably find in the nonmoving party's favor." *Blasius v. Angel Auto, Inc.*, 839 F.3d 639, 644 (7th Cir. 2016). Failure to exhaust is an affirmative defense, so

3

defendants bear the burden of proof and can't shift it to plaintiffs. *Gooch v. Young*, 24 F. 4th 624, 627 (7th Cir. 2022).

### III. Analysis

The Prison Litigation Reform Act ("PLRA") states: "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to "all actions brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (applying the PLRA to *Bivens* claims).

Although a defendant bears the burden of showing failure to exhaust, *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016), the Seventh Circuit takes a "strict compliance approach" to questions of exhaustion. *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). A "prisoner must take all the steps the prison offers . . . and do so properly." *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 833 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). Ross and Starr argue that Green didn't properly exhaust his administrative remedies because he didn't cure all procedural defects before appealing the grievance.

Green's Response draws heavily from the Seventh Circuit's decision in *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), which states that prison officials may not "exploit the exhaustion requirement through indefinite delay in responding to grievances." But the exhaustion issue in this case has little to do with timing.

The problem is not that Green failed to cure his complaint on a particular timeline. He failed to cure completely.

More to the point, the Seventh Circuit held that Lewis had not exhausted his administrative remedies because he didn't promptly make the amendments noted in the rejection letter. Similarly, Green also disregarded written rejection notices listing the procedural defects of his grievance. Neither Green nor Lewis followed the prison's procedural requirements. And it's not enough to take all the steps a prison offers by running an unresolved initial grievance through the appellate chain of command. To properly exhaust their claims, prisoners must abide by all jail or prison rules regarding the timeliness, content, and form of grievances. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

Green understandably complains that Thomson's inmate grievance process is "convoluted and confusing." Dkt. 112 at 5. From this, he argues that the PLRA's exhaustion requirement is "patently unjust" as applied to procedural defects. *Id.* at 6. He cites no authority for this proposition—and for good reason. That's a legislative issue, not a legal one. This Court takes no opinion on a prison's good-faith regulation of its inmate grievance system. *See Twitty v. McCoskey*, 226 F. App'x 594, 596 (7th Cir. 2007). The Court only notes that "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings," *Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022) (quoting *Ngo*, 548 U.S. at 90–91), and that prisons are entitled to develop their own administrative processes. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).

5

Perhaps Green is arguing that Thomson's stiff procedural requirements made prison remedies so difficult to obtain that they were effectively unavailable. But a remedy is unavailable only in three circumstances: (1) when it "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief";[3] (2) the path to relief is so "opaque" that no ordinary prisoner can navigate it; or (3) prison administrators use "machination, misrepresentation, or intimidation" to keep inmates from using the grievance system. *Ross v. Blake*, 578 U.S. 632, 643 (2016). None of those scenarios apply to this case.

Thomson's grievance system may be technical, but it's not so convoluted that no ordinary inmate can use it; nor can it be said that BOP tried to thwart Green's grievance in any way. BOP extended a filing deadline on Green's initial grievance to accommodate its own delay, and repeatedly provided Green with written rejection notices. BOP further instructed Green to amend his grievance at least five times. Those requirements were not opaque. In fact, Green successfully navigated the prison grievance system once before this incident. By declining to cure the procedural defects in his amended grievance, Green did not pursue an available

---

[3] Green argues that exhaustion would be futile because prison authorities can't "go back in time and reinstate the medication" to avoid his injuries. Dkt. 112 at 6. But perhaps Thomson could have mitigated Green's missed doses by altering his course of treatment. Rather than speculate on what might have been, the Court emphasizes that no good comes from asking judges to be seers. "No one can know whether administrative requests will be futile; the only way to find out is to try." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999). Indeed, the Seventh Circuit has repeatedly refused to carve out a futility exception to the PLRA for that very reason. *Id.*; *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). And this is not a case where the prison's grievance process always leads to a dead end, as discussed in *Ross v. Blake*. 578 U.S. at 643.

administrative remedy. So, the PLRA's exhaustion requirement is not satisfied in this case.

## IV.  Conclusion

For the reasons stated above, Ross and Star's Motion for Summary Judgment [110] is granted.

Entered: December 13, 2024              By:_____
                                        Iain D. Johnston
                                        U.S. District Judge